IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ORIN SNOOK, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-04-651 |
| | § | |
| JAN V. POPIEL, INC., | § | |
| | § | |
| Appellee. | § | |
| | § | |
| Bankruptcy No. 02-41844 | § | |
| Adversary Proceeding No. 03-3392 | § | |

**MEMORANDUM AND OPINION**

Appellant, Orin Snook, has moved this court to reconsider its decision affirming a bankruptcy court finding of nondischargeability. (Docket Entry No. 9, 11). Appellee, Jan V. Popiel, Inc., opposes reconsideration. (Docket Entry No. 12). Based on the motion and responses, the parties' submissions, and the applicable law, this court denies Snook's motion for reconsideration, for the reasons set out below.

**I.    Background**

This court's memorandum and opinion of September 10, 2004 contains the history of this dispute in a detail that is not required here. Briefly, Snook filed for bankruptcy after receiving an adverse judgment in his state court lawsuit against appellee, Jan V. Popiel, Inc. The jury had assessed damages on Popiel's counterclaims against Snook asserting breach of contract, *quantum meruit*, and fraud. (Docket Entry No. 9, at 2–4). The jury assessed

$1,731.00 in damages for fraud, "excluding reasonable attorney's fees, if any." The jury also found that Popiel's breach-of-contract damages totaled $8,631.50. (*Id.* at 4). The jury concluded that Popiel had performed compensable work that remained unpaid and awarded $4,852.37 under the *quantum meruit* claim. Finally, the jury found that Popiel's attorney incurred a reasonable fee of $108,000. (*Id.*). The trial court entered final judgment, specifying each element of damages, pre- and post-judgment interest, and attorneys' fees. Snook then filed for bankruptcy. (*Id.* at 5). The bankruptcy court held that Snook's Chapter 7 bankruptcy discharged Snook's liability for the breach-of-contract and *quantum meruit* damages, but did not discharge the fraud damages or the attorneys' fees. The bankruptcy court refused to discharge the attorneys' fee award on the ground that it flowed from and related to a nondischargeable debt, the fraud judgment. The parties appealed only the order that the attorneys' fee award was nondischargeable. This court affirmed.

**II.     Analysis**

"A motion to reconsider an order . . . is appropriate when the court is presented with newly-discovered evidence, when the court committed clear error, when there is an intervening change in controlling law, or when other highly unusual circumstances exist." *Becerra v. Asher*, 921 F. Supp. 1538, 1548 (S.D. Tex. 1996), *aff'd*, 105 F.3d 1042 (5th Cir.). A close review of Snook's lean motion for reconsideration reveals no new evidence, clear error, or an intervening change in the controlling law. Snook concedes that he reiterates the arguments previously presented in his original brief and then repeated in his reply. (Docket Entry No. 11, at 1–4). Snook again argues that the attorneys' fee award could not have

flowed from or related to the fraud judgment because under Texas law, attorneys' fees are not recoverable for fraud unless punitive damages accompany the fraud judgment. Contrary to Snook's argument, Texas courts have awarded attorneys' fees on a finding of fraud arising out of an alleged breach of contract. *See, e.g., Adams v. H&H Meat Prods., Inc.*, 41 S.W.3d 762, 780 (Tex. App.—Corpus Christi 2001, no writ). Snook points to the Supreme Court decision in *Cohen v. De La Cruz*, 523 U.S. 213, 118 S. Ct. 1212, 140 L. Ed. 2d 341 (1998) for the proposition that "the *legal basis* of the 'debt of a fraud claim' defines dischargeability." (emphasis Snook's). *Cohen* does not contain the quoted language, although it does explain why punitive damages stemming from fraud, like other damages that arise from fraud, are neither dischargeable in bankruptcy nor limited to the value of the money or property fraudulently obtained by the bankruptcy debtor. *See id.* at 222, 118 S. Ct. at 1218–19.

Snook also cites the Texas Supreme Court's decision in *Formosa Plastics Corp. U.S.A. v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41 (Tex. 1997), for the proposition that "the *legal basis* of a fraud claim is a breach of an independent duty and not an action on a contract even though the fraud and the fraud damages may relate to a contract." (Docket Entry No. 11, at 3). As Popiel argues, the court in *Formosa Plastics* did discuss the distinction between fraud and contract claims, but held that fraud damages can arise from a breach of a contractual relationship. 960 S.W.2d at 54. While *Formosa Plastics*

did not address the dischargeability of attorneys' fees arising from a successful fraud claim, the Texas Supreme Court held that tort damages can be awarded for fraudulent inducement to contract. *Id.* at 47.

This court fully considered Snook's arguments in the Memorandum and Opinion, finding that Texas law did not support his position.[1]  Because Snook has not provided different authorities or arguments, his motion to reconsider is denied.

### III. Conclusion

Snook's motion for reconsideration is denied.

SIGNED on June 20, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[1] Counsel for Snook asserts that this court "ignores" and "does not recognize [his] argument, let alone even try to address [his] argument in its complete manifestation." (*Id.* at 3). Snook then faults this court's prior opinion for "incomplete[ly]" summarizing Snook's argument and for not citing two particular cases. Although this court appreciates counsel's desire "to provide the Court with an opportunity to consider the entire briefing," (*id.* at 1), this court has already recognized, and availed itself of, that opportunity.